```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

ROBERT T. McGALLAGHER,            :
                                  :
    Plaintiff,                    :
                                  :
vs.                               :     CIVIL ACTION 04-0811-M
                                  :
JO ANNE B. BARNHART,              :
Commissioner of                   :
Social Security,                  :
                                  :
    Defendant.                    :

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. 2412, with supporting Memorandum (Docs. 16, 17), and Defendant's Notice of No Objection to Plaintiff's Application for Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 18).  After consideration of the pertinent pleadings, it is **ORDERED** that Plaintiff's Motion be **GRANTED**, without objection, and that Plaintiff's attorney be **AWARDED** an EAJA attorney's fee in the amount of $562.50.

Plaintiff filed this action on December 22, 2004 (Doc. 1).  On June 16, 2005, the Court granted, without objection from Plaintiff, Defendant's Motion and Memorandum for Entry of Judgment Pursuant to Sentence Four of 42 U.S.C. § 405(g) With Remand of the Cause to Defendant (Doc. 11), reversing and remanding this action to the Commissioner for further

proceedings (Docs. 14, 15).  On September 8, 2005, Colin E. Kemmerly, counsel for Plaintiff, filed a Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. 2412, in which Plaintiff requests a fee of $562.50, computed at an hourly rate of $125.00 for 4.5 hours spent in this Court (Docs. 16, 17).  Defendant in her Response filed September 22, 2005, stated that she has no objection to the requested fee (Doc. 18).

    The EAJA requires a court to

> award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of Agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure.  See <u>Shalala v. Schaefer</u>, 509 U.S. 292, 113 S.Ct. 2625, 2632 (1993).

    Defendant concedes that Plaintiff became the prevailing

party when the Court remanded this action, Schaefer, 113 S.Ct. at 2631; that the fee application was timely filed; and that her position was not substantially justified (Doc. 18).

The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Watford v. Heckler, 765 F.2d 1562, 1586 (11th Cir. 1985)(EAJA), quoting Hensley v. Eckerhartt, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983)(§ 1988). In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended" .... Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. In the private sector, 'billing judgment' is an important component in fee setting. It is

>no less important here.  Hours that are not
>properly billed to one's client also are
>not properly billed to one's adversary
>pursuant to statutory authority.

Hensley, 461 U.S. at 434 (citations omitted).  Counsel must use professional judgment in billing under EAJA.  A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on vindicating similar rights.  Norman v. Housing Authority, 836 F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's Motion and supporting documentation, and after consideration of the reasonableness of the hours claimed, finds that Plaintiff's time expended in prosecuting this action before this Court for a total of 4.5 hours is reasonable.

With respect to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act provides in pertinent part as follows:

>The amount of fees awarded under this
>subsection shall be based upon prevailing
>market rates for the kind and quality of
>the services furnished, except that ...
>attorney fees shall not be awarded in
>excess of $125 per hour unless the court
>determines that an increase in the cost of
>living or a special factor, such as the
>limited availability of qualified attorneys
>for the proceedings involved, justifies a
>higher fee.

28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

In Meyer v. Sullivan, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, ... is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation."  ...  The second step, which is needed only if the market rate is greater than $75 per hour, is to determine whether the court should adjust the hourly fee upward...to take into account an increase in the cost of living, or a special factor.

Id. at 1033-34 (citations omitted & footnote omitted)[1].  The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates.  NAACP v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987).  Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.  Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 1547 n.11 (1984).  Where the fees or time claimed seem expanded or there is lack of documentation or testimony in support, the court may make an award on its own experience.  Norman v. City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).  Where documentation is

---

[1] Subsequent to Meyer, the cap was raised from $75.00 per hour to $125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

inadequate, the court is not relieved of its obligation to award a reasonable fee, but the court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing.  Id.

The prevailing market rate in the Southern District of Alabama is $125.00 per hour.  See Smith v. Massanari, Civil Action 00-0812-P-M (October 25, 2001); Boone v. Apfel, Civil Action 99-0965-CB-L (August 30, 2001); Lee v. Massanari, Civil Action 00-0518-RV-S (June 29, 2001); Willits v. Massanari, Civil Action 00-0530-RV-C (May 4, 2001); and Square v. Halter, Civil Action 00-0516-BH-L (April 12, 2001).  Because the market rate is not greater than the statutory rate of $125.00 per hour, the Court need not reach the second step set out in the Meyer case.  Multiplying the 4.5 hours by the Southern District of Alabama inflation-adjusted prevailing market rate of $125.00 results in a fee of $562.50.

In conclusion, it is **ORDERED**, without objection, that Plaintiff's Motion be and is hereby **GRANTED** as set out above and that Plaintiff's attorney be and is hereby **AWARDED** an EAJA attorney's fee in the amount of $562.50.

DONE this 28th day of September, 2005.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE